IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Humberto Peraza-Jimenez,<br><br>            Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>            Respondents. | No. CV-14-0280-PHX-SRB (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Humberto Peraza-Jimenez's ("Petitioner") amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Amended Petition") (Doc. 6). Respondents have filed their Answer (Doc. 14) and Petitioner has filed a Reply (Doc. 16). The matter is deemed ripe for consideration.

Petitioner raises four grounds for habeas relief in the Amended Petition. The undersigned finds that this habeas proceeding is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.[1] It is therefore recommended that the Amended Petition be denied and dismissed with prejudice. It is further recommended that Petitioner's request for an

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

evidentiary hearing be denied.

# I. BACKGROUND

## A. Convictions and Sentences

On April 14, 2008, the Maricopa County Grand Jury indicted Petitioner on one count of misconduct involving weapons and numerous counts relating to the possession, sale, or transportation of dangerous drugs. (Doc. 14-1 at 2-9). On February 3, 2009, Petitioner entered into a plea agreement in which Petitioner agreed to plead guilty to Count 17 (Sale or Transportation of Dangerous Drugs) and to amended Counts 2 and 3 (the counts were amended to *Attempted* Sale or Transportation of Dangerous Drugs). (Doc. 14-2 at 2-5). The trial court accepted Petitioner's guilty pleas. (Doc. 14-1 at 69). On March 3, 2009, the court held a sentencing hearing. (*Id*. at 73-86). The court sentenced Petitioner in accordance with the terms set forth in the plea agreement, which provided for a presumptive term of ten years on Count 17, an aggravated term of five years on Count 2, and a presumptive term of 3.5 years on Count 3. (Doc. 14-2 at 3, 12-15).

## B. Post-Conviction Relief

After sentencing, Petitioner submitted a notice of post-conviction relief ("PCR"), which is file-stamped July 8, 2009 (the "Of-Right PCR Notice").[2] (*Id*. at 20-22). The trial court appointed PCR counsel. (*Id*. at 24). On April 9, 2010, Petitioner's counsel filed a notice explaining that she was unable to find any claims for PCR relief. (*Id*. at 28-29). The trial court gave Petitioner forty-five days to file a pro se PCR petition and ordered PCR counsel to remain in an advisory capacity for Petitioner until the final PCR determination. (*Id*. at 31). Upon Petitioner's request for an extension, the trial court extended the deadline to file a PCR petition until December 16, 2010. (*Id*. at 34). On February 25, 2011, after Petitioner failed to file a PCR petition, the court dismissed the

---

[2] Under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ.REV.STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 (PCR) of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

PCR proceeding. (*Id*. at 37). Petitioner did not petition the Arizona Court of Appeals for review.[3]

On October 12, 2012,[4] Petitioner filed a second PCR petition (the "Second PCR Petition"). (Doc. 14-2 at 39-42, 44-58, 60-62, 64-67). On November 6, 2012, the trial court dismissed the Second PCR Petition, finding that it "fails to state a claim for which relief can be granted in an untimely Rule 32 proceeding." (*Id*. at 70). After the trial court's dismissal of the Second PCR Petition, Petitioner filed the following three motions in the trial court: (i) a Motion for Rehearing; (ii) a Motion for Status of Case; and (iii) a Motion to Clarify Ruling and Motion for Rehearing and Motion to Review Case Status. (*Id*. at 72-82, 84-85, 87-112). The docket does not reflect that a minute entry was issued ruling on these motions. (*Id*. at 114-15).

On February 10, 2014,[5] Petitioner filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) (the "Original Petition"), which the Court dismissed with leave to amend due to illegible handwriting (Doc. 5). In May 2014, Petitioner filed the Amended Petition (Doc. 6), which the Court ordered Respondents to answer (Doc. 7). The undersigned concurs with the Respondents' assessment that the claims in the Amended Petition relate back to the claims in the

---

[3] The Amended Petition (Doc. 6 at 5) indicates that Petitioner filed a petition for review regarding the trial court's dismissal of his of-right PCR proceeding. In their Response (Doc. 14 at 4-5), Respondents allege that this assertion is false as the clerk's offices in both the Arizona Court of Appeals and Arizona Supreme Court have no record of a petition for review. Petitioner does not dispute that allegation in his Reply (Doc. 16). The undersigned does not find evidence in the record indicating that Respondents' allegation is not true. The undersigned thus finds that Petitioner did not file a petition for review. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

[4] The Second PCR Petition is file-stamped October 17, 2012. However, the certificate of service indicates that Petitioner mailed it on October 12, 2012. Pursuant to the prison mailbox rule, the undersigned has used October 12, 2012 as the filing date. *Porter v. Ollison,* 620 F.3d 952, 958 (9th Cir. 2010) ("[a] petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing.").

[5] The Original Petition was docketed by the Clerk of Court on February 13, 2014. The Original Petition contains a certificate of service indicating that Petitioner mailed it on February 10, 2014. Pursuant the prison mailbox rule, the undersigned has used February 10, 2014 as the filing date.

Original Petition. Accordingly, the undersigned has used the February 10, 2014 filing date of the Original Petition instead of the later filing date of the Amended Petition for purposes of determining whether this federal habeas action is timely. Fed. R. Civ. P. 15(c)(2); *Mayle v. Felix,* 545 U.S. 644, 655 (2005).

## II.  FEDERAL HABEAS LAW

Under AEDPA, a state prisoner must file his or her federal habeas petition within **one year** of the latest of:

> 1. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> 2. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> 3. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> 4. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling. Statutory tolling is available under AEDPA, which provides that the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling. *Holland v.*

*Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

### III.  ANALYSIS OF THE AMENDED PETITION

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing. But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ.REV.STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

Under Ninth Circuit case law, an Arizona defendant's Rule 32 of-right proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro,* 481 F.3d 710, 711, 716–17 (9th Cir. 2007). The Ninth Circuit explained that "treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words." *Summers,* 481 F.3d at 717. Therefore, when an Arizona petitioner's Rule 32 proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id*.

**A.  The Statute of Limitations Commenced on April 2, 2011**

Petitioner was sentenced on March 3, 2009.  (Doc. 14-2 at 12-15).  Petitioner thereafter filed the Of-Right PCR Notice, which is file-stamped July 8, 2009.  (*Id*. at 20-22).  On February 25, 2011, the trial court filed an order dismissing the of-right PCR proceeding.  (*Id*. at 37).  Petitioner had 35 days from February 25, 2011 (or until April 1, 2011) to petition the Arizona Court of Appeals for review of the trial court's order.  Ariz. R. Crim. P. 32.9(c), 1.3(a); *State v. Zuniga*, 786 P.2d 956, 957 (Ariz. 1990); *State v. Savage*, 573 P.2d 1388, 1389 (1978).  Petitioner did not file a petition for review.  Therefore, the one-year statute of limitations began running on April 2, 2011.  *Summers*, 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).  Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas petition expired on April 2, 2012.[6]  This means the Original Petition filed on February 10, 2014 is untimely by almost two years.

**1. Statutory Tolling Does Not Apply**

On October 12, 2012, Petitioner filed the Second PCR Petition.  (Doc. 14-2 at 39-42, 44-58, 60-62, 64-67).  The statute of limitations, however, had expired on April 2, 2012.  Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Therefore, the Second PCR Petition had

---

[6] April 1, 2012 was a Sunday.  Thus, pursuant to Rule 12 of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 6(a)(1)(C), the deadline to file a habeas petition is extended to Monday, April 2, 2012 as that is the next day that is not a Saturday, Sunday, or legal holiday.  As 2012 was a leap year, the limitations period amounted to 366 days instead of 365.  *See United States v. Tawab*, 984 F.2d 1533, 1534 (9th Cir.1993) ("year" under federal rules includes 366 days during leap year, not 365 days); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000), *cert. denied,* 521 U.S. 878 (2000) (calculating the 1–year period using the "anniversary method" rather than the "calendar-year method" even during a leap year.).

1 no statutory tolling effect on the statute of limitations.

## 2. Equitable Tolling Does Not Apply

The standard for equitable tolling of the one-year habeas limitations period is a very high bar, and is reserved for rare cases. *Yow Ming Yeh v. Martel*, 751 F.3d 1075 (9th Cir. 2014); *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) ("Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'") (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is only appropriate when external forces, such as "abandonment" by the petitioner's counsel, the unavailability of a prison library, or a petitioner's mental disability, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *See Gibbs,* 767 F.3d at 886–87; *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013). It is a petitioner's burden to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

As mentioned previously, a petitioner seeking equitable tolling must establish that: (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary circumstances stood in his or her way. A petitioner must also show that the "extraordinary circumstances" were the "but-for and proximate cause of his [or her] untimeliness." *Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001) (per curiam); *see also Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009).

In his Reply (Doc. 16 at 3), Petitioner makes the conclusory statement that his federal habeas "claims are entitled to equitable tolling due to extraordinary circumstances." Petitioner does not provide any reason as to why he was unable to timely file a federal habeas petition. Petitioner, however, does discuss why he did not file a PCR petition in his of-right PCR proceeding. Petitioner explains that:

> Petitioner has had to relie [sic] on the services of jail

>house lawyer(s) (other inmates) to assist him.  Petitioner failed to file, not for lack of due diligence, but for lack of understanding of the [E]nglish language or the language of the law.  The help he was receiving on his initial petition from another inmate who spoke [S]panish was transferred.  He could not continue the legal process.
>
>Petitioner filed a second post-conviction proceeding on or about 10/12/12 with the assistance of an inmate.

(*Id.* at 2-3).

Even if the above explanation was liberally construed as applying to Petitioner's equitable tolling assertion, Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling.  Nor has Petitioner demonstrated that an external impediment hindered the diligent pursuit of his rights.  First, Petitioner's pro se status, indigence, limited legal resources, and alleged ignorance of the law alone do not constitute extraordinary circumstances justifying equitable tolling.  *See, e.g., Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Johnson v. United States,* 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Second, as to Petitioner's nonfluency in English, the Ninth Circuit has held that "a non-English-speaking petitioner seeking equitable tolling must, *at a minimum,* demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey,* 449 F.3d 1065, 1070 (9th Cir. 2006) (emphasis added).  As Petitioner has failed to make this showing, Petitioner is not entitled to equitable tolling.

Moreover, the record reflects that Petitioner had located sufficient translation and legal assistance at least as of the October 12, 2012 filing date of the Second PCR Petition. The Second PCR Petition is written in English and provides a coherent legal analysis.

Petitioner does not explain why the person who assisted with the Second PCR Petition could not have assisted Petitioner in filing a federal habeas petition. Petitioner also has not presented any argument as to why equitable tolling should apply after October 12, 2012. Therefore, even assuming *arguendo* that equitable tolling applies from the April 2, 2011 commencement date of the limitations period through October 12, 2012, the Original Petition filed on February 10, 2014 would still be untimely.[7]

### 3. The Statute of Limitations Expired on April 2, 2012, Meaning Petitioner Untimely Filed the Federal Habeas Action

To summarize the preceding sections, AEDPA's statute of limitations commenced on April 2, 2011. Petitioner has not shown that he is entitled to statutory or equitable tolling. Accordingly, the Original Petition filed on February 10, 2014 is untimely. Petitioner makes no claim that the Court should apply the "actual innocence gateway" to excuse the untimeliness of the Petition.[8]

### B. Request for an Evidentiary Hearing

The Ninth Circuit has held that a habeas petitioner "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to

---

[7] Under this hypothetical, the Second PCR Petition would have been filed prior to the expiration of the limitations period. Yet the Second PCR Petition would not have any statutory tolling effect because the trial court dismissed it as untimely, which renders the Second PCR Petition "not properly filed." *Pace*, 544 U.S. at 417 (holding that "time limits, *no matter their form*, are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely). Therefore, the statute of limitations would have resumed running on October 13, 2012 and would have expired on Tuesday, October 15, 2013. This is because October 12, 2013 was a Saturday and October 14, 2013 was Columbus Day. *See* Rule 12 of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 6(a)(1)(C).

[8] In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception." Petitioner's statements in his Reply (Doc. 16 at 2) that "the facts are not presented in truth" and "[t]he police never saw me unload drugs nor did they find any drugs in my vehicle," are insufficient to establish a *Schlup* gateway claim. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("we have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt").

equitable tolling.'" *Roy*, 465 F.3d at 969 (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003) (emphasis in original). In the Amended Petition (Doc. 6 at 11), Petitioner requests an evidentiary hearing. As Petitioner asserts that he is entitled to equitable tolling in his Reply (Doc. 16 at 3), the request could be liberally construed as including a request for a hearing on Petitioner's equitable tolling argument.

For the reasons discussed in Section III(A)(2) above, the undersigned finds that Petitioner has not made any allegations that, if true, would warrant equitable tolling for a period of time that would render the Original Petition timely. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (finding "a district court is not obligated to hold evidentiary hearings to further develop the factual record" when the record is "amply developed"). Accordingly, the undersigned recommends that the Court deny Petitioner's request for an evidentiary hearing.

## IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Amended Petition (Doc. 6) on the basis that it is time-barred.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's request for an evidentiary hearing be **DENIED**.

**IT IS RECOMMENDED** that the Amended Petition (Doc. 6) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Amended Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 31st day of August, 2015.

_____
Eileen S. Willett
United States Magistrate Judge